UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

YVON MONCHER,

    Plaintiff,

v.        Case No. 3:15cv204/MCR/CJK

HILLARY CLINTON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2). Upon review of plaintiff's complaint and his prior litigation history, the court concludes that plaintiff's motion to proceed *in forma pauperis* should be denied and this case dismissed without prejudice pursuant to the three-strikes bar of 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)

(holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Judicial notice is taken that plaintiff has accumulated at least three "strikes" in federal court for purposes of 28 U.S.C. § 1915(g). *See Moncher v. Hollywood Memorial Hospital*, No. 0:14cv62538-WPD (S.D. Fla. Dec. 30, 2014) (dismissing case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Moncher v. Inmates*, No. 1:14cv23168-UU (S.D. Fla. Oct. 2, 2014) (dismissing case as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Moncher v. Cent. Fla. Reception Ctr., et al.*, No. 6:12cv1896-Orl-18KRS (M.D. Fla. Dec. 21, 2012) (dismissing case for failure to state a claim). Plaintiff's status as a "three striker" has been recognized in the Northern District of Florida as well. *See Moncher v. Seattle Lite, et al.*, No. 4:14cv610-RH-GRJ (N.D. Fla. Dec. 2, 2014) (denying plaintiff leave to proceed *in forma pauperis* and dismissing case pursuant to 28 U.S.C. § 1915(g)); *accord Moncher v. N. Miami Police Dep't, et al.*, No. 1:14cv222-MP-GRJ (N.D. Fla. Jan. 8, 2015). The foregoing cases may be positively identified as having been filed by plaintiff, because they bear his Florida Department of Corrections' inmate number, DC# M19176.

Case No. 3:15cv204/MCR/CJK

Accordingly, plaintiff may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g), *Brown, supra*. Plaintiff's allegations, which are largely incomprehensible, do not suggest that the named defendants–Hillary Clinton, Bill Clinton, Sean Carter, Benjamin Crump, and Beyonce Knowles–have exposed plaintiff, a prisoner in the Florida penal system, to imminent danger of serious physical injury, nor committed any wrong at all toward plaintiff. (Doc. 1). Because plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears plaintiff is not entitled to proceed *in forma pauperis*, this case should be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's motion to proceed *in forma pauperis* (doc. 2) be DENIED.

2. That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

3. That the clerk be directed to close the file.

At Pensacola, Florida this 5th day of May, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:15cv204/MCR/CJK

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).